IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-637-TFM |
| | ) | [wo] |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The plaintiff, Jennifer Hill ("Plaintiff" or "Hill"), filed an application for Social Security supplemental income benefits on June 14, 2006, for a period of disability which allegedly began August 10, 2003. (Tr. 14, 74). After the initial application was denied, Hall timely requested a hearing before an administrative law judge ("ALJ") which took place on June 16, 2008. (Tr. 14, 21, 45). In the decision issued on July 3, 2008, the ALJ denied Hall's claim finding that while Hall does suffer from the severe impairments of "back and knee pain; hypertension; [and] obesity [she] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 16). The ALJ also found that Hall "has the residual functional capacity to perform the full range of sedentary work." *Id*. A request for review was submitted to the Appeals Council which declined review, thus the decision of the ALJ became the final decision of the Commissioner

of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986).  The parties consent to the undersigned rendering a final judgment in this lawsuit

pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  The Court has jurisdiction over

this lawsuit pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  After a thorough review of the

record in this case and the briefs of the parties, the Court concludes that the decision of the

Commissioner should be REVERSED and this case REMANDED to the Commissioner for

further proceedings.

## I. NATURE OF THE CASE

Hill seeks judicial review of the Commissioner's decision denying her application for

disability insurance benefits and supplemental security income.  United States District Courts

may conduct limited review of such decisions to determine whether they comply with

applicable law and are supported by substantial evidence.  42 U.S.C. § 405.  The Court may

affirm, reverse and remand with instructions, or reverse and render a judgment.  *Id.*

## II. BACKGROUND

Hill was born on January 21, 1963.  (Tr. 74).  Hill filed an application for

supplemental security income on June 14, 2006, alleging that her period of disability from

back and knee pain; hypertension; obesity; and depression began on August 10, 2003.  (Tr.

14).  In letter dated January 10, 2008 the ALJ requested that "[a]ll medical records *(not*

---

[1] Pursuant to the Social Security Independence and program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred tot he Commissioner of Social Security.

*duplicates)* from one year prior to the alleged onset date to the present and any other relevant medical, school or other records not already in file." (Tr. 64). Hill gave the ALJ medical records. The medical records document a diagnosis of "anxiety with depression" for which she was prescribed Ativan on February 14, 2006 (Tr. 151), a prescription for Lorazapan (Tr. 164), a prescription for Citalopram (Tr. 127), and another diagnosis of anxiety with depression on September 27, 2006. (Tr. 187). It is evident from the July 3, 2008 opinion denying disability benefits that the ALJ took into account other medical provided by Hill.

### III. STANDARD OF REVIEW

The Court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Hand v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). The Court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla – i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Hand v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129,131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.; Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### IV. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[2]  *See* 42 U.S.C. § 423(a).  The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program.  SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below  the poverty line.[3]  Eligibility for SSI is based upon proof of indigence and disability.  *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C).  Despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986).  Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A person is entitled to disability benefits when the person is unable to:

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[2] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[3] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues.  *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

(1)     Is the person presently unemployed?
(2)     Is the person's impairment(s) severe?
(3)     Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[4]
(4)     Is the person unable to perform his or her former occupation?
(5)     Is the person unable to perform any other work within the economy?

An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  Claimants establish a prima facie case of qualifying disability once they meet the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

---

[4] This subpart is also referred to as "the Listing of Impairments" or "the Listings."

6

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or hear testimony from a Vocational Expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Id.* at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

## V. STATEMENT OF THE ISSUES

Plaintiff alleges the ALJ made three errors.  (Pl. Br. at 6).  First, Plaintiff argues "the Commissioner decision should be reversed, because the ALJ failed to consider or even discuss Ms. Hill's depression."  *Id*.  Second, Plaintiff argues "the Commissioner's decision should be reversed, because the ALJ erred by failing to find Ms. Hill's sleep apnea a severe impairment."  *Id*.  Third, Plaintiff argues "the Commissioner's decision should be reversed,

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2; *see also* 20 C.F.R. § 416.969 (use of the grids in SSI cases).

7

because the ALJ failed to find Ms. Hill's testimony of subjective pain and limitations credible despite her meeting the three part pain standard found in the Eleventh Circuit." (Pl. Br. at 6-7).

## VI. DISCUSSION AND ANALYSIS

The plaintiff raises several issues and arguments related to this Court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Wiggins v. Schwiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) in that "[n]o presumption of validity attaches to the Secretary's determination of the proper legal standards to be applied in evaluating claims"). However, the Court pretermits discussion of the plaintiff's specific arguments because the Court concludes that the ALJ erred as a matter of law at step two of the sequential analysis. Ergo, the ALJ's conclusion that the plaintiff is not disabled is not supported by substantial evidence.

As previously stated the burden of proof rests on a claimant to establish a prima facie case of qualifying disability. *Phillips*, 357 F.3d at 1237-39. Hill argues that "the ALJ failed to consider or even discuss Ms. Hill's depression." (Pl. Br. 7). Hill provided sufficient medical evidence to meet the prima facie requirement in *Phillips*, 357 F.3d at 1237-39. Although the record is replete with references to anxiety and depression, the ALJ made no inquiries or references to the evidence that Hill suffers from mental health issues. (Tr. 127, 151, 164, 187, and 191).

In this circuit, depression can be a non-exertional restriction on an individual's ability to work.  *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) (reversing ALJ's decision for failure to incorporate severe impairments of anxiety and depression into hypothetical to vocational expert).  In *Pendley*, the ALJ did not ask the vocational expert to assume the claimant's anxiety or depression, both of which he found to be severe impairments, in his hypothetical question.  The Eleventh Circuit found that the ALJ's decision was unsupported by substantial evidence and thus, the Commissioner had failed to meet its burden of showing the plaintiff could perform other work in the national economy.  The Eleventh Circuit, concluding the "misuse of the expert's testimony alone warrant[ed] reversal," and remanded the case.  *Id.* at 1563.

The ALJ did not mention Hill's depression in his disability determination, and thus, he makes no findings about whether the depression constitutes a severe impairment.  The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected."  *McDaniel*, 800 F.2d at 1031.  Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12, 107 S.Ct. 2287, 2298, 96 L.Ed.2d 119 (1987) (citing with approval Social Security Ruling 85-28, App. To Pet for Cert. 37a).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c). The plaintiff has the "burden of showing that [her] impairments are 'severe' within the meaning of the Act." *McDaniel*, 800 F.2d at 1030-31. Once the plaintiff establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

The Commissioner argues that Hill's request for a consultative psychiatric examination is misplaced because such evaluations are warranted only when the evidence of record is insufficient for the ALJ to make a decision. (Def. Br. 11). The record contains more evidence than recognized by the Commissioner to raise valid concerns about her mental health allegations. (Tr. 115) (Medical evaluation by Jessica Eubanks, on December 6, 2006 states that "[b]ased on the evidence in file, the claimant is non-credible in any mental allegations."). The Court makes the limited ruling that the issue was raised sufficiently by Hill to show a prima facie case of a possible ailment that by itself can be found to be disabling, or also disabling in conjunction with other disabilities, and the ALJ failed to address it in either the hearing or the opinion.

Furthermore, because the ALJ did not recognize the evidence that Hill suffers from depression, he did not have properly consider the effects of this impairment on Hill's ability to work. Consequently, the Court cannot determine whether the ALJ's conclusion that Hill is not disabled is properly supported by substantial evidence. It is plain that the plaintiff suffers from non-physical impairments, but it is less clear as to the effect of those

impairments. "Even a 'mild' mental impairment may 'prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.'" *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989) (quoting *Gagnon v. Sec'y of Health and Human Serv.*, 666 F.2d 662, 666 n. 8 (1st Cir. 1981)).

For these reasons, the Court concludes that the Commissioner erred as a matter of law, and that the case warrants remand for further proceedings regarding the severity of the plaintiff's depression and the effect on her ability to work. The ALJ must consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe – either singly or in combination – to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986). All of the plaintiff's impairments must be considered in combination even when the impairments considered separately are not severe. *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985). In light of the ALJ's failure to fully and fairly consider the evidence in the record of the plaintiff's migraine headaches and depression, the Court concludes that the ALJ failed to meet his burden in this regard. As a result of his failure to consider the plaintiff's impairments in combination, doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled.

### V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. A separate order will be entered.

Done this 14th day of October, 2011.

11

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE